IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IVAN J. WALTON, No. B28627,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 13-cv-00743-MJR |
| | ) |
| **MARION COUNTY CORRECTIONAL CENTER,** | ) |
| **SHERIFF JERRY A. DEVORE,** | ) |
| **SERGEANT SIMMONS,** | ) |
| **JAIL ADMINISTRATOR,** | ) |
| **OFFICER KIM, and** | ) |
| **UNKNOWN OFFICERS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On June 25, 2013, Plaintiff Ivan J. Walton, an inmate in Graham Correctional Center, filed a civil rights action pertaining to his inability to gain access to a law library at the Marion County Correctional Center (which does not have a law library) so that he could defend himself against the criminal charges for which he was convicted—landing him at Graham Correctional Center.  Walton filed his lawsuit in the Circuit Court for Marion County, Illinois. On July 25, 2013, this civil rights action was removed to this federal court under 28 U.S.C. § 1441(a), based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Removal was proper, as the complaint asserts claims actionable under 42 U.S.C. § 1983, which provide a basis for supplemental jurisdiction under 28 U.S.C. § 1367(a) over related state law claims.

Although defendants have already entered their appearance, answered the complaint and moved for summary judgment, because Plaintiff is a prisoner, the case must still undergo a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court will <u>not</u> consider the defendants' pleadings at this juncture. The Court will look only look within the four corners of the amended complaint.

### The Complaint

Plaintiff's complaint and proposed amended complaint assert claims under the First, Fifth and Sixth Amendments to the Constitution of the United States, as well as claims premised upon the Illinois Constitution and various administrative and institutional rules. Consistent with Federal Rule of Civil Procedure 15(a)(1)(B), the Court will grant Plaintiff's motion to amend the complaint (Doc. 3-3), and considers the Amended Complaint (Doc. 3-3, pp. 3-12) to be the controlling pleading.

Based on the allegations of the amended complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants denied Plaintiff access to a law library, thereby prejudicing his criminal defense and violating his rights under the First Amendment to the Constitution of the United States and parallel rights under the Illinois Constitution and various administrative and institutional rules; and**
>
> **Count 2: When Defendants prejudiced Plaintiff's right to participate in his criminal defense by denying him access to a law library, they violated Plaintiff's Sixth Amendment right to participate in his criminal defense and Fifth Amendment right to due process.**

## Analysis

### Count 1

The United States Supreme Court has long recognized a prisoner's fundamental right of access to the courts under the First Amendment. *Bounds v. Smith,* 430 U.S. 817, 821 (1977); *see also Lewis v. Casey,* 518 U.S. 343, 350 (1996). Thus, Plaintiff has stated a colorable First Amendment claim actionable under Section 1983. Similarly, Plaintiff has pleaded a colorable claim under Article 1, Section 5 of the Illinois Constitution. However, insofar as Plaintiff generally asserts that Defendants violated administrative and institutional rules, he has not sufficiently identified the applicable legal basis for liability, and additional sources of liability that are merely derivative of the federal and state constitutional rights add nothing to this action. *See generally Graham v. Connor*, 490 U.S. 386, 395 (1989); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Therefore, these inadequately pleaded aspects of Count 1 will be dismissed without prejudice.

An "access to the courts" claim such as this requires "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). Without offering details (which is appropriate under the notice pleading standard), the complaint sufficiently links the alleged denial of access to a law library to Plaintiff's criminal case. Although the pleading standard has been met, this claim begs the question whether Count 1 is barred under *Heck v. Humphrey*, 512 U.S. (1994).

Under *Heck*, if a plaintiff's success in a civil rights suit for damages would invalidate a conviction or sentence, the plaintiff must first have the conviction or sentence expunged. *Id.* at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The amended

complaint does not provide sufficient detail to allow the Court to conclude at this time that Count 1 would be barred under *Heck v. Humphrey*; therefore, Count 1 shall proceed.

**Count 2**

Count 2 encompasses the claims that Defendants prejudiced Plaintiff's right to participate in his criminal defense by denying him access to a law library, they violated Plaintiff's Sixth Amendment right to participate in his criminal defense and Fifth Amendment right to due process.

Causation is an element of a Section 1983 claim.  *Herzog v. Village of Winnetka*, 309 F.3d 1041, 1044 (7th Cir. 2002).  Unlike Count 1, there is no apparent way to determine that Plaintiff's Fifth and Sixth Amendment rights were violated without necessarily invalidating his underlying criminal conviction.  Therefore, Count 2 is barred under *Heck v. Humphrey*, as there is no indication that Plaintiff has had his conviction expunged.  In other words, Count 2 is premature.  Consequently, Count 2 will be dismissed without prejudice.

**Marion County Correctional Center**

Marion County Correctional Center ("the Jail") is a named defendant.  However, the Jail is not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, Defendant Marion County Correctional Center must be dismissed from the Section 1983 aspects of Count 1, but shall otherwise remain for the time being as a defendant to the supplemental claim(s) in Count 1.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend the complaint (Doc. 3-3) is **GRANTED**; the Clerk of Court shall file the Amended Complaint (which currently appears at Doc. 3-3, pp. 3-12.

**IT IS FURTHER ORDERED** that, for the reasons stated, the claims within **COUNT 1** that Defendants violated administrative and institutional rules are **DISMISSED** without prejudice, for failure to state a claim; and Defendant **MARION COUNTY CORRECTIONAL CENTER** is dismissed from the Section 1983 aspects of **COUNT 1**, but shall remain as a defendant to the supplemental Illinois constitutional claim that remains in **COUNT 1**.

**IT IS FURTHER ORDERED** that **COUNT 2** (asserting Fifth and Sixth Amendment claims) is **DISMISSED** without prejudice, as it is premature.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including the pending motion for summary judgment (Doc. 7).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  August 23, 2013**

                                               s/ *Michael J. Reagan*
                                               **MICHAEL J. REAGAN**
                                               **UNITED STATES DISTRICT JUDGE**