IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IVAN J. WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13−cv−743−MJR |
| | ) |
| MARION COUNTRY CORRECTIONAL | ) |
| CENTER, SHERIFF JERRY A. DEVORE, | ) |
| SERGEANT SIMMONS, JAIL | ) |
| ADMINISTRATOR, OFFICER KIM, and | ) |
| UNKNOWN OFFICERS, | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

**Williams, Magistrate Judge:**

On June 25, 2013, Plaintiff Ivan J. Walton, an inmate currently incarcerated at Shawnee Correctional Center, filed a civil rights action in the Circuit Court for Marion County, Illinois pertaining to his inability to gain access to a law library while in custody at the Marion County Jail. (Doc. 11.) On July 25, 2013, this civil rights action was removed to this federal court under 28 U.S.C. § 1441(a), based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 3.) On August 9, 2013, Defendants filed a Motion for Summary Judgment arguing that Defendants are entitled to summary judgment for various alternative reasons. (Doc. 7.) On August 30, 2013, Plaintiff filed a response (Doc. 12.)

This matter has been referred to the United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), for disposition. For the following reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 7) be **GRANTED**.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was a pre-trial detainee in the Marion County Jail from May 24, 2013 until July 17, 2013, at which time he was transferred to the Illinois Department of Corrections. (Doc. 8-1.) On May 24, 2013, Marion County Circuit Court appointed counsel to represent Plaintiff in defending the criminal charges brought against him in the Circuit Court of the Fourth Judicial Circuit in Marion County, Illinois. (Doc. 8-1.) Despite repeated grievance filings with the Marion County Sheriff, the Plaintiff was not granted access to a law library. (Doc. 11.) Marion County Jail does not have a law library. (Doc. 8-1.) On July 16, 2013, Plaintiff entered a negotiated plea of guilty and was sentenced by the Circuit Court to serve four years in the Illinois Department of Corrections. (Doc. 8-1.) Plaintiff was transferred the next day, July 17, 2013, and is currently incarcerated at Shawnee Correctional Center.

Plaintiff originally filed a *pro se* complaint in the Circuit Court of Marion County on June 25, 2013, alleging that the Defendants violated Plaintiff's rights by refusing him access to a law library. (Doc. 11.) On July 25, 2013, the complaint was properly removed to federal court (Doc. 10) as the complaint asserts claims actionable under 42 U.S.C. § 1983. (Doc. 10.) As construed by this Court at preliminary review, the complaint alleges that the Defendants denied Plaintiff access to a law library, thereby prejudicing his criminal defense and violating his rights under the First Amendment of the United States Constitution and parallel rights under the Illinois Constitution. (Doc. 10, pg. 3.)

Defendants filed a Motion for Summary Judgment (Doc. 7) and a Memorandum of Law in Support (Doc. 8) arguing that Defendants are entitled to summary judgment because 1) Plaintiff had no Constitutional right to the use of a law library because he was provided with a court-appointed attorney, and 2) Plaintiff's claims are barred by the *Heck* doctrine;[1] or in the alternative that the

---
[1] *See* Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

individual defendants are entitled to qualified immunity on Plaintiff's claims and there is no legal basis for Plaintiff's official-capacity claims. (Doc. 8.) Plaintiff filed a response (Doc. 12) arguing 1) that his First Amendment right to unimpeded access to the courts and adequate law libraries cannot be cancelled out by the state's obligation to provide representation; and 2) that his claims are not barred by the *Heck* doctrine, because he is seeking civil relief for the violation of his constitutional rights and not attacking the validity of his sentence. Because the Court can find summary judgment on the Defendant's first argument, it need not address the alternatives. Having thoroughly reviewed the entire record, the undersigned **RECOMMENDS** as follows.

### LEGAL STANDARDS

**1. *Summary Judgment***

Summary judgment—which is governed by FEDERAL RULE OF PROCEDURE 56—is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. ***Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (citing FED. R. CIV. P. 56(a)).**[2] The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. **Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).**

**2. *Right of Access and the First Amendment***

In *Bounds v. Smith*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." **430 U.S. 817, 828 (1977).** *See also*, **Brooks v. Buscher, 62 F.3d**

---

[2] Though Rule 56 was amended in 2010, the amendment did not change the summary judgment standard. **Sow v. Fortville Police Dept., 636 F.3d 293, 300 (7th Cir. 2011)**.

3

176, 179 (7th Cir. 1995).** This right is protected by the First and Fourteenth Amendments to the United States Constitution and has been extended to all persons, free or incarcerated, and includes both convicted prisoners and pre-trail detainees. **See *Snyder v. Nolen*, 380 F.3d 279, 290-91 (citing *Christopher v. Harbury*, 536 U.S. 403 (2002)); *United States ex rel. George v. Lane*, 718 F.2d 226, 230 (7th Cir. 1983).**

Accordingly, the Seventh Circuit follows a well-established two-part test to determine whether a prisoner's right of access to the courts has been violated. ***Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995); *Brooks v. Bucher*, 62 F.3d 176, 179 (1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir.1992).** First, the prisoner must prove that prison officials failed "'to assist in the preparation and filing of meaningful legal papers.'" ***Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828).** Second, he must show "some quantum of detriment caused by the challenged conduct of state officials." ***Jenkins*, 977 F.2d at 268.** In order for a plaintiff to succeed on a claim that his constitutional right of access to the courts was violated, he must meet both parts of this test. Here, the Plaintiff cannot satisfy even the first part of this test.

## CONCLUSIONS OF LAW

The Plaintiff's alleges that the Defendants denied Plaintiff access to a law library, thereby prejudicing his criminal defense and violation his rights under the First Amendment of the United States Constitution and parallel rights under the Illinois Constitution. (Doc. 10, pg. 3.) To the contrary, Defendants argue that Plaintiff had no Constitutional right to the use of a law library because he was provided with a court-appointed attorney and move for summary judgment on this point. (Doc. 8.)

It is undisputed that Marion County Jail does not contain a law library. It is also undisputed that Plaintiff was appointed counsel on May 24, 2013. Further, Plaintiff concedes that he is not challenging his conviction or sentence, but using the suit to seek civil relief for the violation of his

4

constitutional right of access to the courts. (Doc. 12.) Since there appears to be no dispute of material facts, this matter turns on the legal question of whether a court appointed attorney satisfies the constitutional right of access to the courts.

While *Bounds* focuses on the entitlement of access to the courts, it plainly notes that law library facilities are merely "one constitutionally acceptable method to assure meaningful access to the courts." ***Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citing *Bounds*, 430 U.S. at 430).** The Seventh Circuit has long interpreted this right as requiring the government "to provide *either* access to a law library *or* access to counsel or other appropriate legal assistance." ***United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010) (emphasis added).** Further, the Supreme Court in *Lewis* held that under *Bounds* there is no *per se* right that a prisoner have access to a law library, as long as the rights is satisfied by other means. ***Lewis*, 518 U.S. at 350-51.**

More specifically, the Seventh Circuit has held that appointment of counsel unequivocally satisfies the right of access to the courts, even for pretrial detainees. ***See United States v. Chapman*, 954 F.2d 1352, 1362 (7th Cir. 1992) (holding that no constitutional right exists mandating that the prisoner be provided access to a law library in as an alternative to a court-appointed counsel); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) (holding that when detainee is represented by counsel on criminal charges and able to file a *pro se* civil rights suit, the lack of a law library at a county jail where the pretrial detainee is being held does not constitute a denial of access to the courts)**. In all actuality, appointed counsel is likely the best and most meaningful right of access to indigent plaintiff, and obviously qualifies as a person trained in the law as a lawyer is strongly presumed to have provided his or her client with reasonable, competent and professional assistance of counsel. ***See Pippins v. Adams Cnty. Jail*, 851 F. Supp. 1228, 1234-35 (C.D. Ill. 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984)). *See also United States v. Weaver*, 882 F.2d 1128, 1138 (7th Cir.1989).**

Therefore, by appointing counsel to the Plaintiff, the prison officials at Marion County did not fail "'to assist in the preparation and filing of meaningful legal papers" and thus the first prong of the Seventh Circuit test is not satisfied. ***Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828).** Because the Court can reach summary judgment on the first argument, it need not consider the alternative arguments of the *Heck* doctrine, qualified immunity, and official capacity.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 7) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g.,* Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004).** Objections to this Report and Recommendation must be filed on or before December 20, 2013. ***See*  FED. R. CIV. P. 6(d); SDIL-LR 5.1(c).**

    **IT IS SO RECOMMENDED.**
    **DATE**: December 3, 2013            */s/ Stephen C. Williams*
                                                    **STEPHEN C. WILLIAMS**
                                                    United States Magistrate Judge